Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*                                              Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GEORGE GOODRITZ** | : No. |
| Plaintiff, | : |
| v. | : |
| **UGP-EVEREST PHILADELPHIA, LLC** | : |
| and | : |
| **LAZ PARKING MID-ATLANTIC, INC.** | : **COMPLAINT** |
| Defendants | : |

**PRELIMINARY STATEMENT**

George Goodritz (the "Plaintiff"), by and through his counsel, brings this lawsuit against UGP-Everest Philadelphia, LLC and LAZ Parking Mid-Atlantic, Inc., seeking all available relief under the Americans with Disabilities Act for the failure to comply with the Act's accessibility requirements. Plaintiff is seeking injunctive relief requiring the Defendants to remove the accessibility barriers which exist at their parking facility. The allegations contained herein are based on personal experience of the Plaintiff.

## I. JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

## II. VENUE

3. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

4. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III. PARTIES

5. Plaintiff is a 69 year-old adult male who currently resides in Montgomery County, in the Commonwealth of Pennsylvania.

6. Plaintiff is a disabled individual.

7. Defendant UGP-Everest Philadelphia, LLC is a foreign limited liability company registered with the Pennsylvania Department of State with entity identification number 2935692.

8. According to the Philadelphia Board of Revision of Taxes, Defendant UGP-Everest Philadelphia, LLC has a tax account identification number of 883425500, and a registered business address of PO Box 4900, Scottsdale, Arizona 85261.

9. Defendant LAZ Parking Mid-Atlantic, Inc. is a foreign for-profit corporation registered with the Pennsylvania Department of State with entity identification number 3133007.

10. Defendant LAZ Parking Mid-Atlantic, Inc. has a registered business address of 1818 Market Street, Suite 3140, Philadelphia, Pennsylvania 19103.

11. LAZ Parking is a fictitious name owned by Defendant LAZ Parking Mid-Atlantic, Inc., and is registered with the Pennsylvania Department of State under entity identification number 2042064.

12. Defendant UGP-Everest Philadelphia, LLC and Defendant LAZ Parking Mid-Atlantic, Inc. are collectively referred to herein as the "Defendants."

## IV. STATEMENT OF FACTS

13. The Plaintiff has difficulty walking.

14. The Plaintiff possesses a handicapped parking placard issued by the Commonwealth of Pennsylvania.

15. The Plaintiff's handicapped parking placard permits him to park his vehicle in spaces designated as being handicap-accessible.

16. The Plaintiff's personal vehicle is a 2016 Toyota RAV 4.

17. The Plaintiff's handicapped placard hangs on the rear-view mirror of his vehicle.

18. The Plaintiff travels to Philadelphia frequently, and is often unable to find parking on the streets.

19. When on-street parking is not available, the Plaintiff parks in a parking garage.

20. Defendant UGP-Everest Philadelphia, LLC owns a public parking facility located at 114 South 15th Street, Philadelphia, Pennsylvania 19102 (the "Parking Facility").

21. Upon information and belief, Defendant LAZ Parking Mid-Atlantic, Inc, manages the Parking Facility for Defendant UGP-Everest Philadelphia, LLC.

22. Upon information and belief, the Defendants collectively and jointly operate the Parking Facility.

23. For a fee, individuals can park their vehicle in the Parking Facility at the prevailing market rates.

24. The Parking Facility has 4 (four) parking levels, including the ground floor.

25. The Parking facility has more than 100 (one-hundred) total parking spaces.

26. The Parking Facility has 0 (zero) handicap- accessible parking spaces.

27. The Parking Facility is as not a "self-parking" facility.

28. The Parking Facility entrance on 15th Street has 3 (three) lanes, one of which a customer can drive his or her vehicle into the garage.

29. Upon driving into the Parking Facility, the customer must temporarily park his or her vehicle in the parking lane until he or she receives a parking ticket stub from a parking attendant.

30. After receiving the parking ticket stub from a parking attendant, the customer would then exit his or her vehicle.

31. After the customer exits his or her vehicle, the Parking Facility's parking attendant parks the customer's vehicle.

32. None of the parking lanes in which a customer drives his or her vehicle into contain any handicap-accessible areas.

33. There are no handicap-accessible parking spaces for a disabled customer to pull into while waiting for the parking attendant to valet park the vehicle.

34. There are no handicap-accessible access aisles for disabled individuals to enter or exit their vehicle.

35. Upon leaving, the customer must take the parking ticket stub to a payment kiosk located on the right side of the parking lane.

36. The Plaintiff has patronized the Parking Facility.

37. The Plaintiff would patronize the Parking Facility in the future, but is currently deterred because of the lack of any handicap-accessible parking places.

## THE AMERICANS WITH DISABILITIES ACT

38. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

39. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

40. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

41. A "public accommodation" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

42. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

43. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

44. In relevant part, Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

45. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

46. Places of public accommodation and commercial facilities that are newly constructed for occupancy beginning after January 26, 1992, must be "readily accessible to and usable by" individuals with disabilities. 28 C.F.R. § 36.401(a) (1).

47. Existing facilities whose construction predates January 26, 1992, must meet the lesser "barrier removal standard," which requires the removal of barriers wherever it is "easily accomplishable and able to be done without undue burden or expense." 28 C.F.R. § 36.304(a).

48. Discrimination, for purposes of a public accommodation, includes "[a] failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities" except where an entity can demonstrate that it is structurally impracticable to meet the requirements set forth by the ADA. 42 U.S.C. § 12183.

49. Under the ADA, businesses or privately owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

50. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.

*Accessible Parking under the ADA*

51. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[1]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |

52. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[2]

53. The width of a parking space is measured from the center of each parking line bordering the parking space.[3] (**See Exhibit A**)

---

[1] See https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282
[2] See https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[3] See Id.

54. The ADA requires that there be an access isle for the handicap-accessible parking space that is at least 60 (sixty) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[4]

*Accessible Routes under the ADA*

55. The path a person with a disability takes to enter and move through a facility is called an "accessible route."[5]  (**See Exhibit B)**

56. An accessible route must be at least three feet wide, must remain accessible and not be blocked.[6]

57. Accessible routes must connect parking spaces to accessible entrances.[7]

58. *"Facility"* means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

59. ADA accessibility standards require that accessible parking spaces be located on the shortest accessible route from adjacent parking to the accessible entrance of the building.[8]

60. ADA Guidance Standards provide that "[a] "path of travel" includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior

---

[4] See Id.
[5] See http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html
[6] See Id.
[7] See https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[8] http://www.ada.gov/adata1.pdf

approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility."[9] (**See Exhibit C**)

61. "An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements."[10]

62. Accessible parking spaces and the required accessible route should be located where individuals with disabilities do not have to cross a vehicular lane.[11]

## COUNT I –

## FAILURE TO PROVIDE HANDICAP-ACCESSIBLE PARKING SPACES

63. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

64. The Plaintiff is a disabled individual within the meaning of the ADA.

65. The major life activity that the constitutes the Plaintiff's disability is his difficulty walking distances.

66. The Plaintiff's limitation in walking distances is substantial.

67. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

68. The Parking Facility is a public accommodation as defined by ADA.

69. The Parking Facility is subject to Title III of the ADA.

---

[9] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#curbramps
[10] Id.
[11] Id.

70. The Parking Facility's failure to provide any handicap-accessible parking spaces has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

71. The Defendants are responsible for ensuring the Parking Facility's compliance with the ADA.

72. The Defendants failed to provide any handicap-accessible parking spaces at the Parking Facility as required by the ADA.

73. The Defendants' failure to provide any handicap-accessible parking spaces has resulted in an accessibility barrier.

74. The Defendants can remedy their non-compliance by creating a handicap-accessible parking lane.

75. Compliance with the handicap-accessible parking space requirements at the Parking Facility is readily achievable.

76. The Defendants' failure to comply with the ADA has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

77. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT II-

## FAILURE TO PROVIDE ACCESS AISLES AS REQUIRED BY THE ADA

78. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

79. Because of his disability, the Plaintiff opens his car door "all the way" to its fullest open position to facilitate an easier entrance/exit from his vehicle.

80. None of the three parking lanes that the Plaintiff must drive into have the required 60 (sixty) inch assess aisle.

81. When other vehicles are adjacent to the Plaintiff's vehicle in the parking lanes, the Plaintiff is unable to open his door to its widest position to facilitate an easier exit from his vehicle; the proximity of adjacent vehicles to the Plaintiff's vehicle prevents full opening of the driver's side door.

82. The Parking Facility does not have any handicap-accessible parking spaces in the parking lanes.

83. The Parking Facility does not have the required adjacent access aisles.

84. The Defendants' failure to provide accessible aisles in the parking lanes has resulted in an accessibility barrier.

85. The Defendants can remedy their non-compliance by designating an existing parking lane as a handicap-accessible lane and provide create border lines which conform to the dimensional requirements of the ADA for access aisles.

86. The Plaintiff is adversely affected by the Parking Facility's failure to comply with the ADA access aisle requirements.

87. The Defendants' failure to comply with the ADA handicap-accessible parking and access aisle requirements has denied the Plaintiff the full and equal enjoyment of parking offered by the Parking Facility.

88. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA's requirements.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

Respectfully submitted,

By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff, George Goodritz*
Dated: April 18, 2017

## **CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF system.


By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff, George Goodritz*
Dated: April 18, 2017

## EXHIBIT A

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)



**EXHIBIT B**

Source: https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-4-accessible-routes

# Chapter 4: Accessible Routes

## 401 General

401.1 Scope.  The provisions of Chapter 4 shall apply where required by Chapter 2 or where referenced by a requirement in this document.

## 402 Accessible Routes

402.1 General.  Accessible routes shall comply with 402.

402.2 Components.  Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts.  All components of an accessible route shall comply with the applicable requirements of Chapter 4.

## 403 Walking Surfaces

403.1 General.  Walking surfaces that are a part of an accessible route shall comply with 403.

403.2 Floor or Ground Surface.  Floor or ground surfaces shall comply with 302.

403.3 Slope.  The running slope of walking surfaces shall not be steeper than 1:20.  The cross slope of walking surfaces shall not be steeper than 1:48.

403.4 Changes in Level.  Changes in level shall comply with 303.

403.5 Clearances.  Walking surfaces shall provide clearances complying with 403.5.

EXCEPTION:  Within employee work areas, clearances on common use circulation paths shall be permitted to be decreased by work area equipment provided that the decrease is essential to the function of the work being performed.

403.5.1 Clear Width.  Except as provided in 403.5.2 and 403.5.3, the clear width of walking surfaces shall be 36 inches (915 mm) minimum.

EXCEPTION:  The clear width shall be permitted to be reduced to 32 inches (815 mm) minimum for a length of 24 inches (610 mm) maximum provided that reduced width segments are separated by segments that are 48 inches (1220 mm) long minimum and 36 inches (915 mm) wide minimum.



**Figure 403.5.1 Clear Width of an Accessible Route**

403.5.2 Clear Width at Turn.  Where the accessible route makes a 180 degree turn around an element which is less than 48 inches (1220 mm) wide, clear width shall be 42 inches (1065 mm) minimum approaching the turn, 48 inches (1220 mm) minimum at the turn and 42 inches (1065 mm) minimum leaving the turn.

EXCEPTION:  Where the clear width at the turn is 60 inches (1525 mm) minimum compliance with 403.5.2 shall not be required

# **EXHIBIT C**

Source: https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-4-accessible-routes

Accessible Routes from Site Arrival Points

Site arrival points include accessible parking spaces and accessible passenger loading zones, public transit stops located on sites, and pubic streets and sidewalks.



An accessible route must connect site arrival points to each accessible entrance they serve.

Accessible routes must coincide with, or be in the same vicinity as, general circulation paths (§206.3).



If no pedestrian route onto a site is provided and site entry is by vehicle only, an accessible route from the site boundary is not required (§206.2.1, Ex. 2). Where a vehicular way does provide pedestrian access, such as a shopping center parking lot, an accessible route is required.